415 F.2d 762
 PENN CENTRAL COMPANY, Appellant,
v.
BUCKLEY & CO., Inc., Schiavone Construction Company, Schiavone-Buckley, Operating as a Joint Venture With Principal Offices at 1600 Paterson Plank Road, Paterson, New Jersey.
 No. 17757.
 United States Court of Appeals Third Circuit.
 Argued June 17, 1969.
 Decided August 5, 1969.
 
 Walter J. Fessler, Lum, Biunno & Tompkins, Newark, N. J. (Joseph R. McMahon, Newark, N. J., Carl Helmetag, Jr., Philadelphia, Pa., on the brief), for plaintiff-appellant.
 Jerome M. Lynes, Nolan & Lynes, Newark, N. J. (Ernest R. Nuzzo, Newark, N. J., on the brief), for defendants-appellees.
 Before HASTIE, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal has been taken from an order denying injunctive relief in a maritime proceeding.
 
 
 2
 The plaintiff railroad owns and operates a swing draw bridge which spans the Hackensack River in New Jersey and carries a large amount of passenger and freight traffic to and from New York City. To permit the passage of vessels requiring a clearance of more than 25 feet the bridge is swung open on an electrically operated pivot located at its central supporting pier.
 
 
 3
 The defendants have been transporting large amounts of fill material on the Hackensack River and through the plaintiff's draw bridge by scows for use in a New Jersey Turnpike widening project. In this operation tows, each consisting of a single tugboat pushing two scows, have been used. At times such flotillas have struck and damaged the very substantial and elaborate fender structure which protects the central pier and turning machinery of the bridge.
 
 
 4
 Alleging danger of serious interruption of rail traffic if the bridge or its centrally located turning mechanism should be damaged by striking, the railroad brought this suit to restrain the movement of more than one scow by a single tugboat.
 
 
 5
 In denying injunctive relief, the court below found that the plaintiff had failed to establish that monetary compensation would not provide adequate relief for any loss it might suffer as a result of the defendant's conduct. On the present record this was a permissible finding.
 
 
 6
 As concerns possible serious interruption of rail traffic, none appears to have resulted from past strikings of the protective fenders. Neither was there such evidence of the probable severity of future collisions as to require a conclusion that the bridge or its turning mechanism was likely to be so damaged as to cause serious rail traffic delays. Moreover, in weighing the interests involved and determining whether the plaintiff should have injunctive relief or be left to its remedy by way of damages, the court was entitled to consider that navigation is the paramount use of the waterways while bridge piers are tolerated obstructions of that paramount user. On the entire record, we are satisfied that the denial of an injunction was a permissible exercise of equitable discretion.
 
 
 7
 The judgment will be affirmed.